IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

v.

**ALAN LAWRENCE SHELBY,**

Defendant.

**No. 6:91-cr-60195-MC**

**OPINION AND ORDER**

---

**MCSHANE, Judge:**

Defendant Alan Lawrence Shelby brings this motion under 18 U.S.C. § 3582(c)(2)[1] to reduce his 188-month sentence for conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 31, 1992, U.S. District Judge Michael R. Hogan sentenced Shelby to 188 months' imprisonment for the aforementioned methamphetamine crime and, additionally, to 60 months' imprisonment for use of a firearm during a drug crime as required by 18 U.S.C. § 924(c). Shelby now seeks a 37-month reduction of that methamphetamine sentence, from 188 months' to 151 months' imprisonment.[2] This Court is asked to determine whether Shelby is eligible for a sentence reduction and, if so, whether a sentence reduction is warranted upon consideration of the

---

[1] 18 U.S.C. § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[2] In 1992, Shelby was sentenced to 188 months' imprisonment under a guideline range of between 188 and 235 months' imprisonment. In 2014, the U.S. Sentencing Commission promulgated Amendments 782 and 788, which retroactively lowered Shelby's guideline range to between 151 and 188 months' imprisonment.

applicable 18 U.S.C. § 3553(a) factors.[3] Because the particular circumstances of this case do not warrant a sentence reduction, this Court DENIES Shelby's motion to reduce his sentence, ECF No. 197.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 5, 1991, Shelby escaped from a drug treatment facility after being transferred from Oregon State Penitentiary.[4] Gov't's Am. Resp. 3, ECF No. 207. After escaping, Shelby and two accomplices sought to begin manufacturing methamphetamine by stealing the necessary precursor chemicals from other existing manufacturers. *Id.* Shelby and his accomplices obtained these chemicals by torturing[5] a methamphetamine manufacturer until the manufacturer revealed

---

[3] 18 U.S.C. § 3553(a) provides, in relevant part:

> The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> . . .
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> . . .
>
> (5) any pertinent policy statement—
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

[4] In 1991, Shelby was serving three concurrent 20-year sentences with 10-year minimum mandatory sentences for three armed-robbery convictions. *See* Gov't's Am. Resp. 3, ECF No. 207.

[5] Shelby "beat [a methamphetamine manufacturer] with a stick" in an attempt to discover the location of that manufacturer's chemicals, but the manufacturer did not disclose the chemicals' location. Gov't's Am. Resp. 4, ECF No. 207. "A few days later," Shelby approached a *second* methamphetamine manufacturer, placed the barrel of a revolver in the manufacturer's mouth, and ordered him to disclose the location of his hidden chemicals. When this manufacturer at first refused, Shelby tied up the manufacturer and the manufacturer's girlfriend, burned him with a

the location of his chemicals. *Id.* at 4–5. After collecting the chemicals, Shelby and his accomplices established a methamphetamine laboratory in Crook County, Oregon. *Id.* at 5. Police arrested Shelby on April 29, 1991; he escaped two days later.[6] *Id.* at 6.

On June 2, 1992, after his recapture, Shelby appeared before Judge Hogan. *Id.* at 7. Shelby pleaded guilty to two counts: (1) conspiring to manufacture, possess with intent to distribute, and distribute methamphetamine; and (2) carrying or using a firearm during and in relation to this drug crime. *Id.* Judge Hogan sentenced Shelby to 188 months' imprisonment for the methamphetamine offense and to 60 months' imprisonment for the firearm offense, to be served consecutively, for a total of 248 months' imprisonment. *Id.*

Shelby escaped from custody a third time on November 1, 1994.[7] *Id.* at 8. After authorities recaptured him, Shelby pleaded guilty to escape and to felon in possession of a firearm with an armed career criminal enhancement. *Id.* at 9. On May 26, 1995, U.S. District Judge Robert E. Jones sentenced Shelby to 180 months' imprisonment for the firearm/armed career criminal offense and to 60 months' imprisonment, to be served concurrently, for escape. *Id.* at 9–10. "Judge Jones ordered the defendant to serve those sentences *after* [he] had completed serving his prior . . . sentences." *Id.* at 10 (emphasis in original).

---

cigarette lighter, and crushed his knuckles with a set of pliers. The methamphetamine manufacturer acquiesced and revealed the location of the chemicals. *See id.* at 4–5.

[6] Shelby escaped from county jail by striking and breaking a guard's jaw. Shelby then pulled a woman from her car, threw her on the ground, and absconded with her vehicle. Shelby crashed this stolen car into a State of Oregon vehicle and drove away. *Id.* at 6. Police cornered Shelby, who "backed his stolen car into a police officer's car with such velocity that it broke the officer's rib. [Shelby] surrendered only when officers threatened to shoot him." *Id.*

[7] Shelby perpetrated his third escape by "having an accomplice subpoena him as a witness in a criminal case. When the transport duty sheriff opened the van doors at the Tillamook County Courthouse, [Shelby], who had freed himself from his restraints, struck the officer and escaped from custody." *Id.* at 8. After he escaped, while armed with a knife, Shelby burglarized a home and restrained the residents, then waited for the residents' drug dealer to arrive. *See id.* When the dealer arrived, Shelby "severely cut the drug dealer's hand in an apparent attempt to cut off a thumb" and fled in possession of the dealer's illicit drugs. *Id.* at 8–9. Police, alerted to Shelby's location, attempted to arrest Shelby, who led police on a chase through "a residential area" in Springfield, Oregon. *Id.* at 9. As officers restrained Shelby, Shelby unsuccessfully tried to pull a loaded 9-millimeter pistol from his pant leg. *Id.*

Shelby's record contains two final entries. In 2003, while incarcerated at the United States Penitentiary at Beaumont, Texas, Shelby was convicted for being in possession of heroin. *Id.* at 11. In 2004, Shelby escaped a fourth time;[8] he was apprehended and convicted of escape. *Id.* at 12. For the 2003 heroin and 2004 escape offenses, Shelby received 57 months' imprisonment and 40 months' imprisonment, respectively. *Id.* at 12–13.

**STANDARD OF REVIEW**

The Supreme Court has established a two-step inquiry for adjudicating a motion to modify an imposed sentence made pursuant to 18 U.S.C. § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 826 (2010). First, this Court must determine whether a prisoner is eligible for a sentence modification under the Sentencing Commission's policy statement in U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826–27). Second, this Court must consider whether an application of relevant 18 U.S.C. § 3553(a) factors warrants reduction under the particular circumstances of the case. *Id.* (citing *Dillon*, 560 U.S. at 827).

**DISCUSSION**

Defendant contends that: (1) he is eligible for sentence reduction under 18 U.S.C. § 3582(c)(2); and (2) his sentence reduction is warranted upon consideration of the applicable 18 U.S.C. § 3553(a) factors. In applying the two-step *Dillon* inquiry, this Court finds that Shelby is eligible for a sentence reduction under U.S.S.G. § 1B1.10; and such a reduction is not warranted upon consideration of the applicable subsection 3553(a) factors.

At the first step of the *Dillon* inquiry, this Court assesses Shelby's eligibility for a sentence reduction by "determining the amended guideline range that would have been

[8] Shelby's fourth escape, like his earlier third escape, *see supra* n.7, involved an accomplice's subpoenaing him as a witness in a criminal case. After being transferred to the custody of the Hardin County Sheriff at the county jail in Kountze, Texas, Shelby escaped through a ventilation duct. Gov't's Am. Resp. 12, ECF No. 207.

applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)) (internal quotation marks omitted). Shelby, who was sentenced in 1992 for his methamphetamine crime, would have faced a lower guideline range of 151 to 188 months' imprisonment had Amendment 782 been in effect at that time. Def.'s Reply 2, ECF No. 211. As a result, Shelby is eligible for a 37-month reduction under Amendment 782.

At the second step of the *Dillon* inquiry, this Court considers "any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized . . . at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

Pursuant to this second step, this Court first considers "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). This Court finds that Shelby's methamphetamine crime was particularly violent—e.g., Shelby terrorized three individuals in his search for precursor methamphetamine chemicals. *See supra* n.5. This Court further finds that substantial aspects of Shelby's postsentencing behavior was dangerous and criminal—e.g., Shelby's escape in 1994 involved the battery of a deputy sheriff and a car chase through a residential neighborhood. *See supra* n.6. Thus, in its application of subsection 3553(a)(1) to Shelby's record, this Court finds little to recommend lenity. *Cf. United States v. Lightfoot*, 626 F.3d 1092, 1096 (9th Cir. 2010) ("Lightfoot's [postsentencing] behavior has done nothing to alleviate the Court's concern that he is a danger to the community, that the original sentence was appropriate, and that it remains so.").

This Court next considers "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). Since the imposition of his sentence in 1992, Shelby has repeatedly demonstrated contempt for

the law. In *two* separate escapes, in 1994 and 2004, Shelby had accomplices subpoena him as a witness so that he would be transferred to less-secure facilities. *See supra* nn. 7–8. Further, in 2003, while incarcerated at a United States Penitentiary, Shelby was caught in possession of heroin. Gov't's Am. Resp. 11, ECF No. 207. To his credit, since 2005, Shelby has engaged in rehabilitation efforts. He has completed at least eighty-four classes and "completed non-residential drug and alcohol, 40 hour drug, as well as several psychology classes." Def.'s Reply 3, ECF No. 211-2. The breadth of Shelby's coursework is indeed admirable, and this Court considers it a fine reflection of Shelby's recent rehabilitative efforts—but it nonetheless represents only one aspect of Shelby's postsentencing behavior.

On balance, this Court's application of the subsection 3553(a) factors does not lend itself to a favorable disposition of Shelby's motion. This Court finds that Shelby's crime was too violent and his postsentencing behavior too contemptuous to be overcome by his recent rehabilitative efforts. *Cf. Dunn*, 728 F.3d at 1159 ("While reasonable jurists might disagree as to whether Dunn's positive factors warranted a reduced sentence, mere disagreement does not amount to abuse of discretion."). Accordingly, Shelby's motion to reduce his sentence, ECF No. 197, is DENIED.

IT IS SO ORDERED.

DATED this 31 day of ~~Sept~~ Aug, 2015.

Michael J. McShane
United States District Judge